## William Kolowski et al. v. George Fausz et al.

1. WILLS—*Requirements as to Signing.*—With respect to the signing of wills our statute simply follows the statute of frauds, and imposes the same requirements—that the will shall be in writing and shall be signed.

2. SAME—*Where the Requirements Are the Same as the Statute of Frauds.*—Where the statute requires no more than is required by the statute of frauds, it is immaterial where in the will the signature of the testator is placed, if it be placed there with the intention of authenticating the instrument.

3. SAME—*Where Witnesses Sign.*—In the absence of statutory provision to the contrary, it is immaterial upon what part of the instrument the attesting witnesses sign their names.

4. SAME—*Bill in Chancery to Test Validity.*—In a bill in chancery

to contest the validity of the will, it is always proper to show the state and condition of the instrument and all that transpired at the time of its execution as of the *res gestœ*, and this may be shown by any competent witness, whether he be a subscribing witness or not.

**Bill in Chancery,** in the nature of a bill to contest the validity of a will. Error to the Circuit Court of Randolph County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

WINKELMANN & BAER, attorneys for plaintiffs in error.

H. CLAY HORNER, attorney for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the nature of a bill to contest the validity of a will, filed in the Circuit Court of Randolph County, by plaintiffs in error against defendants in error. The trial was before the court without a jury and resulted in a decree in favor of defendants in error, sustaining the will.

The bill is in the usual form of a bill to contest the validity of a will, on the ground that the will had not been executed in conformity with the requirements of the statute as to signing and attesting. Counsel and the court all appear to have interpreted the bill and the issues raised thereon as not involving the whole instrument, but only certain clauses, denominated, "Ninth" and "Tenth." The entire instrument is set out in the bill *in haec verba*, and the original is certified to us for inspection. The instrument is written on one long sheet of paper resembling the legal-cap paper in common use. This sheet had been prepared by some stationer as a blank for use in the writing of wills. It had printed on it at one place, near the top of a page as it was doubled, a blank form for the introductory part of a will, and at another place a blank form for the attesting clause of a will, and at another place a blank form for the backing and file marks to be placed upon the instrument, as the designer of the form intended it should ultimately be folded. Between the form for the introductory part and that for the attesting clause was a blank space of sixty-six ruled

lines; between the form for the attesting clause and the form for the backing and file marks, was a blank space of twenty-seven ruled lines, and between the form for the backing and file marks and that for the introductory part of the will was an unruled blank space of about one-half inch, the space between these being the point at which the sheet was doubled.

The blanks are properly filled up for the will of the deceased, Nicholas Fausz, and of the space between the form for the introductory part and that for the attesting clause, fifty-six lines, all but ten lines is covered with writing to express various gifts, bequests, devises, desires and directions of the testator, and of the space between the attesting clause and that for the backing and file marks, twenty lines are covered with writing to the same purpose. In this latter space are written clauses " Ninth " and " Tenth," the clauses under contest. Prior to the filing of the bill herein by plaintiffs in error, the entire instrument, including the clauses under contest here, had been duly admitted to probate in the County Court, as the last will and testament of Nicholas Fausz, deceased.

Upon the final hearing of this case in the Circuit Court defendants in error, the proponents, identified the instrument and the affidavits of the subscribing witnesses made in the County Court at the hearing when the will was admitted to probate, and introduced the same in evidence. The affidavits of the subscribing witnesses are in due form and fully meet all the requirements of the statutes as to substance. Proponents also introduced the following testimony :

" J. R. Duclos, who, being duly sworn, testified as follows : Age is sixty-nine years; reside in Prairie du Rocher; occupation is that of justice of the peace. This paper marked ' Exhibit A ' was written by me. It is the last will and testament of Nicholas Fausz. Was present when he signed, and also Otto Hogemiller and Louis Steible, who were witnesses to the will. In writing this will I had a former will of Mr. Fausz, written by Ex-County Judge George L. Reiss to follow. It was written on a regular

form, similar to the will. In the former will he gave George the hill farm, and Nicholas the bottom farm. I simply re-wrote the clauses, interchanging the names of the sons. These were material changes, otherwise I was instructed to copy the will as Judge Reiss had written it. In the old will, the ninth and tenth clauses followed the attestation clause just the same as in this will. I was particular to make line correspond with line, so to come out just as he did. The signature of the testator and witnesses in the old will were just the same as in this one. All the ten clauses of the will were written before the testator and the witnesses signed it. As I wrote each clause I read it to the testator before writing the next clause. I wrote the will, commencing with the caption, line for line with Judge Reiss' will, down to the clause appointing the executor; I then turned over beyond the attestation clause and finished the ninth and tenth clauses line for line with Judge Reiss' will. I then read the entire will to the testator so far as I had written it. I then asked him for the names of the executors, and he said he wished his son-in-law, William Hoffman, and his son George Fausz, to be appointed executors. I then filled out the clause beginning with the word 'lastly,' and the printed blank for the witnesses' attestation, as it appears on the will, all before signature of testator and witnesses. Also clause beginning: ' In witness whereof.' The two witnesses and myself were present when it was signed. Witnesses were on each side of the testator when he signed, and testator was standing close to witnesses when they signed. Testator said to witnesses : ' Gentlemen, this is my will, and I wish for you to witness my signature.' Testator said to witnesses : ' Sign the will.' He stood over each one as they signed it. During the writing of the will, witnesses were in an adjoining room, where they had been waiting for about two hours. After will was written, testator called the witnesses into the room. During the execution of the will we were all in the room together. After the will was written, before the witnesses were called in, he said the old will would be of no more use to him, and burned it in the stove. This will marked ' Exhibit A ' is the will that I wrote as above stated, and the signature of Nicholas Fausz was signed by him in my presence. He lived over a year after the execution of the will."

" Otto Hogemiller, being duly sworn, on oath, testified as follows : My age is fifty-two years; residence in Prairie du Rocher precinct; occupation farmer. I saw this paper

marked 'Exhibit A' before. It is the last will of Nicholas Fausz. I signed as witness; Nicholas Fausz asked me to. He held his hand on my shoulder and saw me sign it. I noticed some portion of the will was below my signature when I signed it. I took the will to look over it, and J. R. Duclos told me not to read it; that all he wanted of me was that I should sign it as a witness. Mr. Duclos and Mr. Louis Steibel and the testator were present when I signed. I waited in the adjoining room while Mr. Duclos was writing the will, about two hours. I saw Nicholas Fausz, the testator, sign his name to this will marked 'Exhibit A.' He signed it in my presence. I was standing by the table when he signed it. At the time of signing the testator was of sound mind and memory, and I believe so yet."

Louis Steibel, being sworn, on oath, testified as follows:

"Age, forty-six years; residence at Prairie du Rocher precinct; occupation, farmer; I saw this paper marked 'Exhibit A' before; it is the last will of Nicholas Fausz. I signed the name of Louis Steibel as a witness. He said 'this is my last will.' He was standing right behind me and saw me sign it. I noticed that a portion of the will was below my signature when I signed; all that is on there now was on there then. Mr. Duclos, Mr. Otto Hogemiller and the testator were present when I signed my name to the will as I have stated. Waited fully two hours in an adjoining room while Mr. Duclos wrote the will. Nicholas Fausz signed his name to the will in my presence. I was standing right behind him at the table when he signed it. Believed him of sound mind then, and believe so now."

With the exception of the inventory and appraisement bill, the foregoing was all the evidence; plaintiffs in error, the contestants, offered no evidence.

It is not claimed in this case by counsel for plaintiffs in error, that there was any want of due formality or any defect in the act of signing and attesting, nor that there was any want of mental capacity, or any fraud, compulsion or other improper conduct practiced or present at the time of the execution of the instrument, but as we understand them their contention is, that the position on the paper of the attesting clause and signature of the testator, with reference to clauses " Ninth " and " Tenth," conclusively estab-

lished the fact that these clauses are not parts of the will, that as to these clauses the requirements of the statute with reference to signing and attesting have not been complied with, and therefore are void; and that it is not permissible to show by parol evidence that these clauses were parts of the will as it was at the time of the signing and attesting.

The statute with respect to the execution of wills, is :

" All wills, testaments and codicils, by which any land, tenements, hereditaments, annuities, rents or goods and chattels are devised, shall be reduced to writing, and signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested in the presence of the testator or testatrix, by two or more credible witnesses."

With respect to the signing, this statute simply follows the statute of frauds; imposes the same requirements; shall be in writing, shall be signed. The present English statute and the statutes of some of the American states are different from ours and require the will to be signed "at the end thereof;" other of the states have statutes peculiar to themselves with respect to the signing of wills, and these facts produce apparent conflict of authority to one who merely glances through general indices, digests and syllabi, but under our statute and all others that, like it, require no more than is required by the statute of frauds, there is no conflict. In such jurisdictions the rule is, it is immaterial where, in the will, the signature of the testator is placed, if it was placed there with the intention of authenticating the instrument; and in the absence of statutory provision to the contrary, it is immaterial upon what part of the instrument the attesting witnesses sign their names. Am. & Eng. Ency. of Law, Vol. 29 (1st Ed.) 161; Schouler on Wills (2d Ed.), Sec. 312; Beach on the Law of Wills, Sec. 31; Horner's Probate Law, Sec. 41. As to place of signature of attesting witnesses, see Jarman on Wills, Vol. 1 (6th Ed.), 117 and 87; Am. & Eng. Ency. of Law, Vol. 29 (1st Ed.), 127–8; Schouler on Wills (2d Ed.), Sec. 335; Beach on the Law of Wills, Sec. 44.

Counsel's final and principal contention is that oral evidence is not admissible to show that the clauses under con-

test were parts of the instrument at the time the testator signed and published it as his will, and that in no event was it proper to permit any but the attesting witnesses to testify. In this connection it must be borne in mind that this is not a proceeding in the County Court to admit the will to probate, nor is it an appeal to the Circuit Court from an order of the County Court admitting the will to probate, but it is to all intents and purposes a bill in chancery to contest the validity of the will. In such case it is always proper to show the state and condition of the instrument and all that transpired at the time of its execution as of the *res gestœ*, and this may be shown by any competent witness, whether he be a subscribing witness or not. This rule, in this character of proceeding, is universal. A comparatively recent application of it by our own Supreme Court is found in a case much analogous in its controlling features to the case at bar. Shaw v. Camp, 163 Ill. 144. This case is in direct line and harmony with the universal practice in such cases.

The testimony admitted by the trial court was competent and proper, and standing as it does wholly uncontradicted and unimpeached, is conclusive. This record contains no error.

The decree of the Circuit Court is in accordance with both law and equity, and is affirmed.