(No. 35982.—

IN THE MATTER OF THE ESTATE OF MINNIE WILLAVIZE. —(JOHN SCHNEIDER *et al.,* Appellants, *vs.* JAMES SUNKEN, JR., Appellee.)

*Opinion filed Oct. 31, 1960.—Rehearing denied Jan. 18, 1961.*

EDWARD ZUKOSKY, of Wenona, and EDWARD CONLEY, of Park Forest, for appellants.

EDWARD HAUGENS, of Toluca, and WALTER C. OVER-BECK, of Henry, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal is to review an order of the county court of Marshall County admitting the will of Minnie Willavize,

deceased, to probate. The petition to probate and the testimony in the record establish that the deceased owned and by the will devised real estate. A freehold being involved, this court has jurisdiction on direct appeal. *In re Estate of Kehl,* 397 Ill. 251; Rev. Stat. 1959, chap. 3, par. 483.

Minnie Willavize died on or about October 6, 1959, while living in a rest home in Wenona, Illinois, in Marshall County. At the time of her death the deceased was about 82 years of age and had been staying at the rest home over two years. She had come to the rest home from her farm residence in La Salle County.

On November 9, 1959, the usual form of petition to probate a will was filed in the Marshall county court. The cause proceeded to a hearing on the petition to probate and, in due course, an order was entered on February 8, 1960, admitting the will to probate. The order finds that the deceased was a resident of Marshall County at the time of her death, that all heirs, legatees and devisees were given proper notice of the petition, and that the two attesting witnesses testified in open court that the will was signed by the deceased in their presence and that they attested the same in her presence and in the presence of each other. The balance of the order finds that the witnesses on the date of execution believed the decased to be of sound mind and memory and under no constraint.

The will, which was dated September 14, 1957, and contained a recitation that the deceased was a resident of Wenona, Marshall County, left all of the deceased's property to James Sunken, Jr., and Carl Holmstrom, share and share like. Sunken was named as the executor of the will. Certain persons listed as heirs in the petition to probate appeared in opposition to the petition to probate and cross-examined the attesting witnesses. The record contains the testimony of the two attesting witnesses and the cross-examination, together with affidavits submitted by the opponents of probate, which said affidavits were attached to

a motion to set aside the order for probate and for other relief.

Initially, it is contended by the appellants that the county court of Marshall County had no jurisdiction to admit the will to probate for the reason that the deceased was not, at the time of her death, a resident of Marshall County. The Probate Act provides that the probate or the administration of an estate shall be in the county where the deceased's mansion house is situated and if there is no mansion house in this State, in the county where he has a known place of residence, and if he has neither a mansion house nor a known place of residence, then where the greater portion of the real estate is located, and if no real estate, then where the greater part of his personal estate is located at the time of his death. Probate courts, and county courts in counties where there are no probate courts, have original jurisdiction to admit wills to probate in Illinois, and this jurisdiction is exclusive. (See *Bley* v. *Luebeck,* 377 Ill. 50.) The existence of this jurisdiction in the county or probate courts is based upon the constitutional provisions found in sections 18 and 20 of article VI of the constitution of 1870, and on the statutory grant of jurisdiction found in the acts relating to county and probate courts. (Ill. Rev. Stat. 1959, chap. 37, pars. 175 and 303.) Thus, jurisdiction of probate matters is established not by the Probate Act but, rather, by other constitutional or statutory provisions. Section 54 of the Probate Act must be considered to be a venue provision, making provision for the administration of estates in certain counties dependent upon the existence of certain circumstances as therein related. This section is not one of jurisdiction but one of venue.

· This matter proceeded to hearing on the petition to probate and on the testimony of the attesting witnesses to the effect that the deceased was a resident of Marshall County without any objection on the part of the appellants. Since the Probate Act provision above referred to is a

venue provision and since this matter proceeded to a hearing and a final order in a court of competent jurisdiction without the question of venue having been properly raised in apt time by the appellants, then the question was waived. (*In re Estate of Fisher,* 409 Ill. 420.) Excluding for a moment, however, the waiver of the right to · raise the venue question, the only testimony in this record relating to the question of residence or, in fact, relating to any of the other venue provisions of the Probate Act, is to the effect that the deceased resided at the rest home in Wenona in Marshall County at the time of her death, and the finding by the county court that the deceased died testate and a resident of Marshall County is not such a finding as this court, on the basis of this record, could or would disturb on appeal.

In a proceeding to have a will admitted to probate, the proponent of the will has the burden of proving the valid execution of the will and that the will offered for probate is the last will of the testator and that the same is still effective. There is no requirement that the proponents show the will to be valid in all respects, but it is only necessary that the proof required to be made by the provision of the Probate Act be made at the time the will is offered for probate. It is, of course, a well-established rule that every reasonable presumption will be indulged in in favor of the execution and attestation of a will. This is an even stronger presumption in those instances where the will was apparently executed in due form and the signatures are admitted to be genuine. *Norton* v. *Goodwine,* 310 Ill. 490.

Section 69 of the Probate Act (Ill. Rev. Stat. 1959, chap. 3, par. 221) provides that when each of two of the attesting witnesses to a will testifies before the probate court that he was present and saw the testator or some other person in his presence and by his direction sign the will in the presence of the witness and that the will was

attested by the witness in the presence of the testator, that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate in the absence of proof of fraud, forgery, compulsion or other improper conduct. In the instant case the statutory requirements were complied with in the testimony of the attesting witnesses.

On cross-examination, the opponents of admitting the will to probate developed that the attesting witnesses had discussed their testimony and further developed that one of the attesting witnesses had, at an earlier time, made certain statements inconsistent with the testimony produced at the hearing on the petition for probate. In no case, however, was there any testimony indicating the existence of fraud, forgery, compulsion or other improper conduct.

In a case where the subscribing witness is shown to have made statements in contradiction of the attestation certificate signed by him and has given statements contrary to the testimony given at the time of the hearing to probate the will, we have often stated the rule to be that such testimony is to be received with caution and viewed with suspicion and is generally entitled to little credence. (*Szarat* v. *Schuerr*, 365 Ill. 323.) We will not here lengthen this opinion by a complete recitation of the cross-examination of the attesting witnesses, but it is sufficient to say that in the course of the cross-examination the only thing of substance that was developed was that one of the attesting witnesses, who had previously given a statement to the effect that she did not believe the testatrix, at the time of executing the will, to have been of sound mind, indicated that she, when testifying on the petition to probate, had changed her mind, and that one of the factors that might have influenced her change of mind was that she later learned the identity of one of the beneficiaries under the will, and she indicated her approval of the will's provision for that beneficiary.

This testimony, considered in the light of the direct testimony, was not sufficient to cause the county court to deny probate of the will and was not sufficient to overcome the *prima facie* case of due execution. See *Rupp* v. *Jones*, 289 Ill. 596.

A careful review of the record in this case does not disclose error on the part of the county court of Marshall County in admitting the will to probate, and for that reason the order of the county court of Marshall County is affirmed.

*Order affirmed.*