Katherine E. Knaphurst, Executor of Estate of Wilson K. Boetticher, Plaintiff-Appellee, v. Marianne Lindauer and Laura Boetticher, Defendants-Appellants.

Gen. No. 49,982.

First District, Fourth Division.

July 21, 1965.

Rafael A. Del Campo, of Chicago, for appellants.

Campbell, Miller, Carroll & Paxton, of Chicago (J. R. Blomquist, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order admitting to probate the will of Wilson K. Boetticher, deceased.

On December 25, 1957, testator allegedly executed a handwritten will attested to by Mrs. Virginia Thorsson and Mr. Henry W. Koester but absent an attestation clause. Testator subsequently died on March 22, 1964. Upon presentation of the will for probate, Mrs. Thorsson identified her signature and further testified that she signed at the testator's request for the purpose of witnessing his will; that prior to December 25, 1957, deceased appeared to be of sound mind and good health. She also stated that she did not remember the incident when she signed the will nor did she have any recollection of the circumstances surrounding the execution of the will. Mr. Koester, on the other hand, recalled the occasion clearly and testified as to all the customary details. He stated not only that he and Mrs. Thorsson were present when the will was executed, but that she signed as a witness in his presence.

Defendants contend that the court erred in admitting the will to probate since the testimony of Mrs. Thorsson was completely wanting in the requirements necessary to the proof of a will as set forth in Illinois Revised Statutes, chapter 3, section 69 (1963):

When each of two attesting witnesses to a will testifies before the probate court (a) that he was present and saw the testator or some person in

his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the probate court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will in chancery. If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

Defendants claim that since there was no attestation clause the proponents of the will must show that "each of two witnesses" testified to the aforementioned requirements. Although defendants also point out that the will was holographic in nature and that the testator, an extremely well educated man, misspelled the words "devise" and "bequeath," there is no allegation of fraud, duress or other improper conduct.

██ First, we must point out that it is not essential to the validity of a will that an attestation clause be added to an instrument. Spangler v. Bell, 390 Ill 152, 157, 158, 60 NE2d 864. Secondly, we must consider the effect of the amendments to section 329 of the Probate Act (Ill Rev Stats c 3, § 329 (1963)) on appellate review. Prior to these amendments an

271

order denying probate to a will was appealable to the Circuit Court where a trial de novo was heard. Now an appeal is governed by the same principles as other civil appeals in reviewing errors of the trial court. Heuberger v. Schwartz, 41 Ill App2d 28, 190 NE2d 163.

In Loomis v. Campbell, 333 Ill App 617, 78 NE2d 143, the court allowed a holographic will without an attestation clause to be admitted to probate, stating at pages 622, 623:

> It is settled law that execution of an instrument may be sufficiently proved where one witness testifies positively to the requisites of execution, and the other witness does not recollect or denies compliance with the statutory requirements. (Citing cases.) Under those circumstances it is the province of the circuit court to weigh the evidence and the circumstances surrounding the execution of the will. (Citing cases.)

In Mead v. Presbyterian Church, 229 Ill 526, 530, 82 NE 371, the court quoted with approval from Abbott v. Abbott, 41 Mich 540, 542, 2 NW 810:

> But we know of no rule of law which makes the probate of a will depend upon the recollection or even the veracity of a subscribing witness. The law, for wise and obvious reasons, requires such instruments to be executed and attested with such precautions as will usually guard against fraud; but if the forgetfulness or falsehood of a subscribing witness can invalidate a will, it would be easy, in many cases, to use such artifices or corruption as would render the best will nugatory. . . .

 We cannot agree with defendants' argument that the finding of the court should be reversed

because of Mrs. Thorsson's inability to testify as to all the facts surrounding the execution of the will. It is undisputed not only that the will and the signatures of the witnesses are genuine but also that the will is in the same condition as when it was signed. No claim of fraud, duress or other improper conduct is made. Mr. Koester, one of the attesting witnesses, stated unequivocally that Mrs. Thorsson signed the will in his presence. It was within the province of the trial judge, upon hearing the witnesses testify, to determine their credibility and the weight to be given their testimony. His judgment will not be disturbed unless it is manifestly contrary to the weight of the evidence. Hall v. Illinois Nat. Ins. Co., 34 Ill App2d 167, 173, 180 NE2d 695. We, therefore, affirm the order admitting the will to probate.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.