*In re* ESTATE OF ADA I. RUSSELL, Deceased—(ALMA L. BROWN, Petitioner-Appellant, *v.* CARLETON RUSSELL, Adm., Defendant-Appellee.)

(No. 69-172;

Fifth District—November 23, 1970.

N. Y. Dowell, Dowell & Dowell, of Mt. Vernon, for appellant.

Howard & Howard, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

Petitioner appeals from an order entered by the Circuit Court of Jefferson County, Illinois, denying probate of an instrument purporting to be the last will and testament of Ada I. Russell, deceased.

On January 22, 1969 Alma L. Brown filed a petition to probate the last will and testament of Ada I. Russell which was attested by three witnesses, Paul M. Fitch, Martin F. Dorothy, and Charles L. Cook.

At the hearing on the petition to probate the will Fitch identified a document as the last will and testament of Ada I. Russell and testified that he and the other two witnesses signed the will in the presence of the testator, in the presence of each other, at her request, and that she signed the will in their presence and acknowledged it to be her will. When asked if he had formed an opinion as to her ability to make a last will and testament, he answered:

"A. I don't recall the circumstances. Nine years ago. As far as I recall— Let me ask a question. Didn't she own property that the high school bought from her?

Q. I can't tell you, quite frankly, whether she did or not.

A. I am trying to refresh my memory as to how she appeared at the time. If she was the same lady, I would say she was of sound mind at that time."

On cross-examination it was elicited that if she was not the lady who owned the property mentioned, he did not remember what her mental condition was. Other evidence in the record indicated that she did not own the property that was supposed to have been sold to the high school.

Charles L. Cook testified that he and two other witnesses signed the will in the presence of the testator and at her request, and that she signed the will in their presence and acknowledged it to be her will. He further stated that in his opinion she was of good mentality and able to transact her own business. On cross-examination he stated that her husband was dead and further that he was basing all his testimony as to her mentality on the fact that it was the Mrs. Russell who he knew who lived as a neighbor to him in Mount Vernon. The record discloses that he was mistaken in believing that her husband was dead and that she did not live as a neighbor to him at the time he thought she did.

The other witness to the will, Martin F. Dorothy, was deceased at the time of the hearing and the authenticity of his signature was testified to by his former law partner.

■■ Section 74 of the Probate Act (Ill. Rev. Stat. 1955, ch. 3, par. 74) provides:

"When a witness to a will is dead the court may admit proof of the handwriting of the witness and such other secondary evidence as is admissible in any court of record to establish written contracts and may admit the will to probate as though it has been proved by the testimony of the witness."

In case of the death of a witness proof of his handwriting is admissible with the same effect as if he had appeared and testified in his own person. *More v. More,* 211 Ill. 268; *O'Brien v. Bonfield,* 213 Ill. 428.

Appellant contends that the trial court erred in denying the petition to probate the will because the language of the statute did not intend to create a condition which would permit the denial to probate of a will which was fully, completely and formally executed by a testator, because of the faulty memory of an attesting witness called upon to testify many years after the execution of the will, and that since the attestation clause in the present will was in due form and signed by all of the witnesses, a *prima facie* case of the due execution of the will was made which could not be overcome by the testimony of a witness that there was not compliance with all of the statutory requisites. The attestation clause reads as follows:

"The foregoing instrument was at the date thereof signed by Ada I. Russell in our presence, and was at the time declared by her to be her will; and we at the same time in her presence, at her request, and in the presence of each other, have hereunto subscribed our names as witnesses. We do hereby certify that at the time of the execution of the will, Ada I. Russell was of sound mind and memory."

Appellee contends that the proponent of the will failed to sustain her burden to prove all the statutory requirements for the admission of the will to probate, including the identity of the testator and the mental soundness of the identical testator by a preponderance of the evidence.

Section 69 of the Probate Act (Ill. Rev. Stat., 1965, ch. 3, par. 69) governs the admissibility of a will to probate. It provides:

"When each of two attesting witnesses to a will testifies before the Court (a) that he was present and saw the Testator, or some person in his presence and by his direction, sign the will in the presence of the witness or that the Testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the Testator, and (c) that he believed the Testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the Court is deemed sufficient to invalidate or destroy the will.

The proponent may also introduce any other evidence competent to establish a will in chancery. If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct

which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

In *Conway v. Conway*, 14 Ill.2d 461, the court said at 466—67:

"* * * Where a will has apparently been executed in due form, and the signatures of the testator and the attesting witnesses are admitted to be genuine, no presumption will be indulged to destroy the validity of the instrument but every reasonable presumption will be indulged in favor of its due execution and attestation * * *.

The probate of a will cannot be made to depend upon the recollection or veracity of subscribing witnesses, for if it were necessary for them to remember and testify to the fact that all the prescribed formalities were in fact complied with very few wills could be upheld. The law wisely requires such instruments to be executed and attested with precautions which will usually guard against fraud, and if the attestation clause shows on its face that all the forms required by law have been met, and the signatures on the instrument are admittedly genuine, the presumption of due execution must prevail unless clear and affirmative proof shows the contrary. If it is merely doubtful from the evidence whether the requirements have been complied with, the presumption arising from the attestation clause is not overcome."

In *Estate of Velie v. Valdes*, 25 Ill.2d 188, the contestants argued that the proponents of the will had not proved the testator to be of sound mind and memory at the time of the signing of the will because one of the witnesses had stated that she had no opinion about the decedent's soundness of mind and memory when she witnessed the will. In answer to this contention, the Supreme Court said at page 193:

"Although Catherine Landahl's testimony is thus before us and must be considered, we are of the opinion that it did not justify the trial court in refusing to admit the will and its codicils to probate. It is axiomatic that the testimony of attesting witnesses who seek to impeach the validity of a will is to be subjected to careful scrutiny. (See, e.g., *Conway v. Conway*, 14 Ill.2d 461; *Hart v. Hart*, 290 Ill. 476.) Here the testimony of the witness was contradicted by the attestation clause which she signed, and it was so internally inconsistent as not to carry conviction."

In *Estate of Willavize*, 21 Ill.2d 40, it was contended that proof of the sound mind and memory of the testator was lacking because one of the attesting witnesses had previously given the statement that she did not believe the testator at the time of executing the will was of sound mind. In answer to that contention the Supreme Court said at page 45:

"In a case where the subscribing witness is shown to have made statements in contradiction of the attestation certificate signed by him

and has given statements contrary to the testimony given at the time of the hearing to probate the will, we have often stated the rule to be that such testimony is to be received with caution and viewed with suspicion and is generally entitled to little credence. (*Szarat v. Schuerr,* 365 Ill. 323."

■■ It is settled law that execution of an instrument may be sufficiently proved where one attesting witness testified positively to the requisites of execution and the other witness does not recollect or denies compliance with the statutory requisites. *Loomis v. Campbell,* 333 Ill.App. 617; *Estate of Koss,* 84 Ill.App.2d 59.

■■ Where an attestation clause is in due form and the will bears the genuine signatures of the testator and the witnesses, this is *prima facie* evidence of due execution of the will which cannot usually be overcome by the testimony of a witness that there was not compliance with all the statutory requisites. (*Jenkins v. White,* 298 Ill. 502; *Estate of Koss, supra; In re Estate of Hart,* 79 Ill.App.2d 134.) As pointed out in *Estate of Hart,* the statute makes no distinction as to the proof of the three requirements for admission to probate of the will.

■■ An appeal from an order denying probate to a will is governed by the same principles as other civil appeals in reviewing alleged errors of the trial court. (*Knaphurst v. Lindauer,* 61 Ill.App.2d 269; *Estate of Koss, supra.*) A judgment will be reversed on appeal if it is against the manifest weight of the evidence.

■■ In the present case the most that could be inferred from the testimony of Fitch and Cook was that they had no independent memory of whether or not the testator was of sound mind and memory at the time the will was attested to. This is not sufficient, clear and affirmative proof to overcome the presumption of due execution of the will. We therefore find that the order of the trial judge denying admission of the will of Ada I. Russell to probate was against the manifest weight of the evidence.

Therefore the order of the circuit court is reversed and the cause remanded with directions to admit the will of Ada I. Russell to probate.

Reversed and remanded, with directions.

VERTICCHIO and EBERSPACHER, JJ., concur.