*In re* ESTATE OF MORRIS D. KRAUSMAN, Deceased.—(MARCIA KRAUSMAN, Petitioner-Appellant, *v.* RALPH C. DONGES, As Admr. to collect, *et al.*, Respondents-Appellees.)

(No. 54510;

First District—February 10, 1971.

*Rehearing denied March 5, 1971.*

Nat M. Kahn and H. George Dobriner, both of Chicago, for appellant.

Erwin Grombacher and Lawrence J. Taslitz, both of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County, Probate Division, where a judge denied admission of a will to probate. The document purporting to be the last will and testament of Morris Krausman, deceased, was filed in the Probate Division, and the hearing on the petition was held May 12, 1969, at which time the proponents presented two witnesses, who testified they had witnessed the signature of the testator and affixed their signatures thereto as witnesses. The first witness, Henry L. Kohn, is a lawyer and has been practicing his profession for forty years. The second witness, one David Bartusiak, occupied a bed in the same hospital room with the testator, and they became acquainted while so confined in the hospital.

Mr. Kohn testified he and the testator were friends of thirty years' standing, and that he received a telephone call from the testator asking him to come to Michael Reese Hospital, which he did. The testator was ambulatory, and they walked down the hall and discussed the preparation of a will, and Mr. Kohn wrote it then and there in longhand. He further testified the testator executed the will, and he signed it as a witness, and that Mr. Bartusiak also signed as a witness at the request of the testator. Mr. Kohn's recollection is somewhat unclear as to whether the will was signed in the corridor or in the testator's room, but he thought it was in the room. The date was June 6, 1967.

David Bartusiak testified the document bore the signature of Morris Krausman; that he saw him sign it; and he [David Bartusiak] signed it as a witness, at the request of Morris Krausman. Bartusiak said Marcia

Krausman, who he thought was the testator's sister, was also present, although Mr. Kohn said she was not present. The testator, Morris Krausman, was in his sixties and was a bachelor. The principal beneficiary of his will was Marcia Krausman, his sister-in-law, widow of his deceased brother, with specific bequests of $1,000 each to Mr. Kohn's two sons. Mr. Bartusiak could not remember whether Mr. Kohn was in the room at the time of the signing and was confused in his testimony as to whether Marcia Krausman wrote the will as dictated by the testator, or whether it was written by Mr. Kohn. Mr. Bartusiak did not know Morris Krausman before they became acquainted in the hospital room. He testified that Marcia Krausman came to visit the testator almost every night. When asked if he saw Mr. Kohn on other occasions than that of the signing of the will, he answered, "I don't recall actually seeing him again. I don't. I'm pretty sure he was there, this will, that's the one he wrote up and it was the will I signed." He said he got out of his bed and went over to Krausman's bed and signed the will. He said he heard Mr. Krausman dictate every one of the statements that was to be written into the will, and that "He read it over thoroughly to make sure it was what he wanted in his own sound mind." First he said he thought Marcia was writing it, and then when asked if someone else was writing it, he answered, "This is definitely my signature here. This is Mr. Kohn's, it's on the same piece of paper, exactly what he put down there."

Both witnesses testified that the testator was of sound mind and memory when he signed the will, although that statement does not appear in the attestation clause. The attestation clause reads: "We hereby witness the foregoing will on the date above set forth, which was signed by the testator and us each in the presence of the others." The court denied the petition, saying, "I have to deny this will on the grounds that counsel was not there June 6, 1967." The evidence does not support this finding; neither is it a proper conclusion of law.

The appellant contends that all the necessary elements for the proof of the will were made, and that pursuant to Illinois Revised Statutes, 1969, Chapter 3, section 69, paragraph 69, the will should have been admitted to probate. Section 69 reads:

"Admission of Will to Probate—Testimony of Witnesses. When each of two attesting witnesses to a will testifies before the court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the

will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. * * *."

Both witnesses agree that the testator signed this document as his last will and testament, and both witnesses agree that they, in turn, signed as witnesses to the testator's signature. The confusion of one witness, Mr. Bartusiak, as to whether or not Mr. Kohn was actually present at the signing is overcome by the recitation in the attestation clause, which he signed.

In *Conway v. Conway* (1958), 14 Ill.2d 461, 466, the Illinois Supreme Court held:

"* * * and if the attestation clause shows on its face that all the forms required by law have been met, and the signatures on the instrument are admittedly genuine, the presumption of due execution must prevail unless clear and affirmative proof shows the contrary."

■■ The questions of who wrote the will and whether or not Marcia Krausman was present at the time of the signing, or who the beneficiaries may be, are immaterial to this hearing. In *Estate of Willavize* (1960), 21 Ill.2d 40, 44, the Illinois Supreme Court said:

"There is no requirement that the proponents show the will to be valid in all respects, but it is only necessary that the proof required to be made by the provision of the Probate Act be made at the time the will is offered for probate. It is, of course, a well-established rule that every reasonable presumption will be indulged in favor of the execution and attestation of a will. This is an even stronger presumption in those instances where the will was apparently executed in due form and the signatures are admitted to be genuine, *Norton v. Goodwine*, 310 Ill. 490."

■■ It is well-settled law in this State that execution of a will may be sufficiently proved where one attesting witness testified positively to the requisites of the execution when the other witness does not recall or deny his compliance with the statutory requisites. (*Loomis v. Campbell* (1948), 333 Ill.App. 617; *Estate of Koss* (1967), 84 Ill.App.2d 59.) An appeal from an order denying probate of a will is governed by the same principles as other civil appeals in reviewing alleged errors of the trial court. (*Knaphurst v. Lindauer* (1965), 61 Ill.App.2d 269; *Estate of Koss*, 84 Ill.App.2d 59.) A judgment will be reversed on appeal if it is against the manifest weight of the evidence.

■■ In the present case, there is not sufficient clear and affirmative proof to overcome the presumption of due execution of the will. We therefore find that the order of the trial judge denying admission of the

will of Morris Krausman was against the manifest weight of the evidence. The order of the Circuit Court is reversed and the cause remanded with directions to admit the will of Morris Krausman to probate.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.