*In re* ESTATE OF GENEVIEVE B. CARROLL, Deceased (Richard C. Carroll, Petitioner-Appellant, v. Timothy Carroll, a Minor, by Walter P. Dahl, Guardian *ad litem*, Respondent-Appellee).

First District (3rd Division) No. 1—87—3073

Opinion filed December 13, 1989.

Floyd D. Perkins, of Chicago, for appellant.

Walter P. Dahl and Lawrence S. Gosewisch, both of James E. Dahl & Associates, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Executor-appellant, Richard C. Carroll (Carroll), appeals from the circuit court's order denying the deceased's will to probate. On appeal, Carroll argues that the court improperly denied admission of the will to probate. We reverse and remand with instructions.

Genevieve B. Carroll died on November 19, 1984. Her son, Carroll, petitioned the circuit court of Cook County for letters testamentary and to probate the will. On January 15, 1987, the court admitted the will to probate and appointed Carroll the independent executor of her estate. The court, on its own motion, after noting that the deceased's signature was not at the end of the will, appointed an attorney as guardian *ad litem* for Timothy Carroll, the minor grandson of the decedent. Thereafter, the guardian *ad litem* filed a petition requesting a formal proof of the will.

The decedent's will, dated June 10, 1983, consists of a standard preprinted form entitled "LAST WILL AND TESTAMENT." The purported signature of Genevieve B. Carroll appears on the first line in a sentence which declares the document to be her last will and testament. The form does not include instructions or language indicating a signature line. Rather, the signature line is designated by the word "Seal."

Three witnesses signed the will. At the time of the hearing on the petition, one witness, Rose Steeman, was deceased. The other two witnesses, Hiltrude May Kuhlman and Mildred Gibbons, were not ambulatory, and on June 12, 1987, their evidence depositions were taken

at their nursing home.

During her deposition, Ms. Kuhlman recognized her signature and testified that she had signed the will. She also testified that her address was written in her handwriting. Ms. Kuhlmann acknowledged that the other witnesses were her friends, but had no recollection of the circumstances under which she had signed the will. Similarly, the other witness, Mildred Heiden Gibbons, Genevieve Carroll's former roommate at the nursing home, acknowledged that she had signed the will, but could not remember the surrounding circumstances. Both witnesses, however, testified that they would not have signed the attestation clause if the allegations therein were untrue.

The will's attestation clause states the following:

"This instrument was, on the date thereof, signed, sealed, published and declared by the Testator as and for her Last Will and Testament, in our presence, who at her request and in her presence and in the presence of each of us, have subscribed our names hereto as witnesses thereof. And do hereby certify that at the time of the execution thereof the Testator was of sound and disposing mind and memory."

The Probate Act of 1975 provides:

"Every will shall be in writing, signed by the testator or by some person in his presence and by his direction and attested in the presence of the testator by 2 or more credible witnesses." Ill. Rev. Stat. 1985, ch. 110½, par. 4—3.

The last will and testament in question contains the purported signature of Genevieve B. Carroll in the first line of the document as follows. "I, Genevieve B Carroll, of Darien in the State of Illinois, declare this to be my last WILL and TESTAMENT, and I revoke all Wills and Codicils heretofore made by me."

■ The Probate Act does not require that the testator's signature appear at the end of the will. (Ill. Rev. Stat. 1985, ch. 110½, par. 4—3.) In fact, it is immaterial where in the will the signature of the testator is placed, if it was placed there with the intention of authenticating the instrument. (*Kolowski v. Fausz* (1902), 103 Ill. App. 528, 533.) According to the attestation clause, the testator signed, published and declared the instrument as her last will and testament. The deceased's intention also may be gleamed from the title, "LAST WILL AND TESTAMENT," and language of the document following her signature stating that she declared this to be her last will and testament.

This standard will form first orders and directs the executor to pay all just debts and funeral expenses as soon after her death as

practicable. The form also contains the preprinted language, "SEC-OND: I give, devise and bequeath" followed by blank lines. Herein, the following is written in cursive handwriting: "to my beloved son Richard C. Carroll also my Executor all my worldly possessions, my stocks, certificate of deposits [sic], and any other investment and all money. To my dear friend, Gerry Glatz I leave my diamond ring."

■ The form document provides "LASTLY: I hereby nominate and appoint _____ as Executor of this, my Last Will and Testament, and I direct that my Executor shall be required to furnish a surety bond to act as such Executor." In this section, the deceased named Richard C. Carroll as executor. Preceding the attestation clause, the printed language concludes: "IN WITNESS WHEREOF I have hereunto set my hand and seal this _____ day of _____ 19____." The deceased inserted the date June 10 and the year 83. All of the above suggest that the deceased intended for her signature at the beginning of the will to be her authenticating signature.

■ Section 6—4 of the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 6—4), entitled "Admission of will to probate—Testimony or affidavit of witnesses," states as follows:

"(a) When each of 2 attesting witnesses to a will states that (1) he was present and saw the testator *** sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. *** If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

(b) The statements of a witness to prove the will under subsection 6—4(a) may be made by (1) testimony before the court, (2) an attestation clause signed by the witness and forming a part of or attached to the will or (3) an affidavit which is signed by the witness at or after the time of attestation and which forms part of the will or is attached to the will or to an accurate facsimile of the will." (Ill. Rev. Stat. 1985, ch. 110½, par. 6—4.)

It is well settled that the statutory requirements of due execution of a will are mandatory and it is indispensable that these provisions be complied with in order to make a valid will. *Brelie v. Wilkie* (1940), 373 Ill. 409, 411, 26 N.E.2d 475, 476.

■ In the present case, three witnesses signed their signatures and addresses below the attestation clause. Two of the witnesses testified to the authenticity of their signatures. This attestation clause fulfils the statutory requirements previously mentioned.

■ Where the attestation clause is in due form and the will bears the genuine signatures of the testatrix and the subscribing witnesses, it is *prima facie* evidence of the due execution of the will, and is not overcome by the mere fact that the subscribing witnesses testify they failed to notice whether the will was signed or not, and cannot remember whether they saw the signature. (*Brelie*, 373 Ill. at 412.) Moreover, such *prima facie* evidence will often prevail over the testimony of the attesting witnesses which tends to show that some of the requisites were omitted. *Brelie*, 373 Ill. at 412; *Conway v. Conway* (1958), 14 Ill. 2d 461, 466, 153 N.E.2d 11, 14.

Here we have the attestation clause in due form and the signatures of the witnesses and the testatrix. Where a will has apparently been executed in due form, and the signatures of the testator and the attesting witnesses are admitted to be genuine, no presumption will be indulged to destroy the validity of the instrument, but every reasonable presumption will be indulged in favor of its due execution and attestation. (*Conway v. Conway* (1958), 14 Ill. 2d 461, 466, 153 N.E.2d 11, 14.) This is true even in the absence of witness recollection as to what transpired during the attestation of the will. (*In re Estate of Salzman* (1974), 17 Ill. App. 3d 304, 307, 308 N.E.2d 83, 86.) Even if the witness' recollection is faded, the attestation clause speaks authoritatively for his actions. *Salzman*, 17 Ill. App. 3d at 307.

■ In *Conway*, our supreme court explained that the probate of a will cannot be made to depend upon the recollection or veracity of subscribing witnesses, for if it were necessary for them to remember and testify to the fact that all the prescribed formalities were in fact complied with, very few wills could be upheld. (*Conway*, 14 Ill. 2d at 466.) If it is merely doubtful whether the requirements have been complied with, the presumption arising from the attestation clause is not overcome. (*Conway*, 14 Ill. 2d at 467.) The attestation required by the statute presupposes that the will must be signed by the testator and there can be no valid attestation unless the will has in fact been signed by the testator. However, it is not indispensable to a proper attestation that the testator sign in the presence of the witnesses; nor

is it essential that the witnesses see the signature of the testator upon the face of the will, or even that they know the instrument they are witnessing to be a will. The statutory requirement is satisfied if the testator acknowledges the execution of the will. *Conway v. Conway* (1958), 14 Ill. 2d 461, 468, 153 N.E.2d 11, 15; *In re Estate of Salzman* (1974), 17 Ill. App. 3d 304, 307, 308 N.E.2d 83, 87.

■ In making such acknowledgment, it is not necessary that the testator call the instrument a will, or that he utter some verbal declaration. Any act, sign or gesture will suffice which indicates an acknowledgment of the instrument with unmistakable certainty. It is enough if the testator acknowledges to the witnesses, either by words or acts, that the instrument in question is his act and deed. (*Conway*, 14 Ill. 2d at 468.) In *Conway*, the supreme court found that the conduct of the testator in producing the instrument before two persons and asking them to sign it as witnesses, sufficiently showed an acknowledgment that it was his act and deed. When the testator calls a paper his will, it is presumed, in the absence of any evidence to the contrary, that he has signed it, inasmuch as a signature is necessary to justify him in calling it a will. *Brelie v. Wilkie* (1940), 373 Ill. 409, 412, 26 N.E.2d 475, 476.

■ Here, it is apparent that the deceased called the document her will since it was entitled, "LAST WILL AND TESTAMENT." The testator produced the standard will form to the witnesses. One of the witnesses testified that she would not have signed the document without knowing what it was, and both witnesses testified that they would not have signed the attestation clause if the allegations therein were untrue. An order denying a will to probate will be reversed on appeal if it is manifestly against the weight of the evidence. (*In re Estate of Salzman* (1974), 17 Ill. App. 3d 304, 309, 308 N.E.2d 83, 88.) Under these circumstances, given no claims of fraud, duress, forgery or compulsion, we find the trial court's decision denying admission of the will to probate against the manifest weight of the evidence.

Accordingly, we reverse the decision of the trial court denying admission of the will to probate and remand this cause to the trial court for a hearing on the authenticity of the testatrix's signature.

Reversed and remanded with instructions.

WHITE and CERDA, JJ., concur.