JAMES W. ABBOTT ET AL V. MIRIAM ABBOTT.

*Probate of wills—Subscribing witnesses—Comp. L., § 4339.*

The probate of a will is not dependent on the recollection or veracity of a subscribing witness.

Subscribing witnesses to a will are presumed to have had, when signing, full knowledge of what they were doing; and if dead, their attestation when proved is *prima facie* evidence that everything was done as it ought to be. But in contested cases the regularity of the proceedings is open for general testimony.

Comp. L., § 4339 does not require all the subscribing witnesses to be sworn on a contest of a will, though it possibly implies that they should be so sworn in the probate court. But the failure to produce them in the circuit court on an appeal, if within the jurisdiction and easily reached, would be a suspicious circumstance.

On appeal from the probate of a will, the omission to ask one of the subscribing witnesses some particular question, as with regard to the testator's capacity, does not hinder the contestant from showing by cross-examination the knowledge or ignorance of the witness.

Error to Wayne. Submitted July 2. Decided Oct. 8.

APPEAL from probate order admitting the will of James Abbott to probate. Contestants bring error.

*Brennan & Donnelly* and *Charles S. May* for plaintiffs in error. All the subscribing witnesses to a will must be examined on all matters necessary to establish testator's capacity, *Lewis v. Maris*, 1 Dall., 278; *Hock v. Hock*, 6 S. & R., 47; *Thornton's Ex'rs v. Thornton's Heirs*, 39 ,Vt., 148: 27 Vt., 649; *Chase v. Lincoln*, 3 Mass., 236; *Sears v. Dillingham*, 12 Mass., 358; *Evans v. Evans*, 18 Miss., 403; *Cavett's Appeal*, 8 W. & S., 26.

*Wilkinson, Post & Wilkinson,* for defendant in error. Proof by subscribing witnesses to a will that they signed it in testator's presence and at his request and that he declared it to be his last will, though they could not

remember that he signed in their presence, is sufficient, *Leckey v. Cunningham*, 56 Penn. St., 370; *Dewey v. Dewey*, 1 Met., 349; *Baskin v. Baskin*, 48 Barb., 200; where they do not remember the facts of execution but identify their signatures, the attestation clause is to be taken as true in the absence of contradictory evidence, *Alpaugh's Will*, 23 N. J. Eq., 507; *Orser v. Orser*, 24 N. Y., 51; *Peck v. Cary*, 27 N. Y., 9; *Kellum's Will*, 52 N. Y., 517; subscribing witnesses may be fully cross-examined as to all the circumstances of the execution of the will, 1 Redf. Wills, 33, 35, 41; 3 id., 42; *Beaubien v. Cicotte*, 12 Mich., 496; *Egbert v. Egbert*, 78 Penn. St., 326; if one of the subscribing witnesses proves that all the statutory formalities were observed, the will may be admitted to probate, even though the other does not remember that they were observed, *Trustees v. Calhoun*, 62 Barb., 393; *Nelson v. Giffert*, 3 Barb. Ch., 162; *Jauncey v. Thorne*, 2 Barb. Ch., 50; *Lewis v. Lewis*, 11 N. Y., 220; *Chaffee v. Baptist Miss. Conv.*, 10 Paige, 85; *Peebles v. Case*, 2 Bradf. Surr., 240; a will may be established against the testimony of a subscribing witness, *Tarrant v. Ware*, 25 N. Y., 425; *Low v. Jolliffe*, 1 W. Bl., 366; *Coles v. Coles*, 1 L. R. Prob., 70; *Hayes v. West*, 37 Ind., 25; *Alexander v. Beadle*, 7 Coldw., 126; nor need any of the witnesses testify to any opinion as to testator's capacity, *Huff v. Huff*, 41 Ga., 696; *Cilley v. Cilley*, 34 Me., 162; *Field's Appeal*, 36 Conn., 277; contra, *Allison v. Allison*, 46 Ill., 61; testator need not sign the will in presence of the witnesses, *Roberts v. Welch*, 46 Vt., 164; *Adams v. Field*, 21 Vt., 256; *Ellis v. Smith*, 1 Ves. Jr., 11; *Carleton v. Griffin*, 1 Burr., 549; it is enough if he declares it to be his will in their presence, *Holloway v. Galloway*, 51 Ill., 159; *Hogan v. Grosvenor*, 10 Met., 54; *White v. Trustees*, 6 Bing., 310; *Wright v. Wright*, 7 Bing., 457; *Merchant's Will*, 1 Tuck. (N. Y.) Sur., 151.

CAMPBELL, C. J. The proceedings brought up from

the circuit court for the county of Wayne for review arose as an appeal from the probate of the will of James Abbott of Dearborn. The will had two subscribing witnesses and both of them were sworn in the circuit court. It was claimed below, and is insisted here, that the jury should have been directed to find against the will because not proved as to the various statutory requisites by both of these witnesses. One witness could not swear positively, but believed he saw the will signed, and verified his own signature and that of the other witness. He gave other facts corroborating the impression, and told who were present when he signed as witness, and he swore positively that he signed at the testator's request, and to his impression that the latter declared the instrument to be his last will and testament. His only doubt seemed to be whether testator signed in witness' presence. He was not asked concerning testator's capacity. The other subscribing witness gave full and clear testimony upon capacity and execution.

It would seem to be a very useless ceremony to press questions upon a witness touching the mental condition of a testator, when his recollection of the transaction itself is uncertain. The conduct of the witness, if honest, implied a belief in the sanity of Mr. Abbott. It would no doubt have been very proper to inquire further, but it could not have been very important to do so with a witness of imperfect recollection.

But we know of no rule of law which makes the probate of a will depend upon the recollection or even the veracity of a subscribing witness. The law, for wise and obvious reasons, requires such instruments to be executed and attested with such precautions as will usually guard against fraud. But if the forgetfulness or falsehood of a subscribing witness can invalidate a will, it would be easy in many cases to use such artifices or corruption as would render the best will nugatory. Their evidence is not conclusive either way,

nor does the law presume that they are either more or less truthful than others. It presumes they had when they signed, full knowledge of what they were doing, and in case they are dead their attestation when proved is *prima facie* evidence that all was done as it should be. But in all contested will cases the case is open for general witnesses, and when the testimony is all in, each witness is credited according to the impression he leaves of candor and intelligence, and not according to his being or not being an attesting witness.

Our statute does not in terms require all the subscribing witnesses to be sworn on a contest, except inferentially in the probate court. Comp. L., § 4339. This requirement if it exists is only implied, and we are not called on now to determine in what cases and to what extent it is imperative. The failure to produce such witnesses in the probate court or on appeal, if the witnesses were within the jurisdiction and could be reasonably produced, would be at least a very suspicious omission, which should have its weight. But where the will has once been admitted to probate, and that order is appealed from, and both witnesses are actually produced in court and examined, the failure to ask a particular question of one witness—when the door is wide open for cross-examination—does not deprive the contestant of the means of bringing out the knowledge or ignorance of such witness, and can do no practical harm to any one.

The consequences of any other holding would be too unjust and unreasonable to be allowed. And we have found no warrant in authority which would in our opinion compel any such wrong result.

The judgment must be affirmed with costs.

The other Justices concurred.