Matthew Ralph Loomis et al., Appellants, v. William Campbell, Appellee.
Hazel Loomis Fosdick et al., Appellants, v. William Campbell, Appellee.

Gen. No. 10,218.

618

Opinion filed March 9, 1948. Released for publication March 30, 1948.

PUTNAM, JOHNSON, ALSCHULER & RUDDY and DALE K. McALPINE, all of Aurora, for appellants; SAM ALSCHULER and DALE K. McALPINE, both of Aurora, of counsel.

J. BRUCE AMELL, of Aurora, and CHARLES G. SIEDEL, of Elgin, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal from an order of the circuit court of Kane county, admitting to probate the will of Grace Chappell, offered by William Campbell, and contested by the heirs-at-law of the testatrix, including Frank Loomis, Cordelia Jones, Matthew Loomis, Dora Crook, Mary Corbin, Clayton Loomis, Jr., Joseph Loomis, Francis Loomis, Ralph Loomis and Hazel Loomis

Fosdick. The order was entered after trial *de novo* pursuant to an appeal by the contestants from a ruling of the probate court allowing the will to be probated.

The primary issue presented in this cause is whether the will of Grace Chappell was validly executed in compliance with the terms of ch. 3, par. 194 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 110.-291]. The statute provides: "Every Will by which any real or personal estate is devised or bequeathed shall be reduced to writing, shall be signed by the testator or by some person in his presence and by his direction, and shall be attested in the presence of the testator by two or more credible witnesses."

The will offered herein by the proponent, William Campbell, was found among the personal papers of Grace Chappell, who died January 9, 1946, and is prepared in her handwriting on a single sheet of paper, and dated June 26, 1943. Below her signature, and with the same amount of space intervening as appears between the preceding lines of writing, is the word, "Witnesses" and adjacent thereto is the name "Margaret G. Minor" written on a line apparently designating the place for a signature. It is followed by an address, "15 South Lincoln." Below that name, and again with the same proportionate spacing between the lines is the name "Cordelia C. Jones" inscribed above and through another written line, and followed by her address, "84 Main Street, Batavia, Ill." Below this signature and with the same amount of space intervening as appears between the preceding lines, is another written line on which no signature appears.

Under the terms of this will, the testatrix bequeathed all her property to William Campbell, who is appointed executor thereof, and it is specifically provided therein that nothing is to go to the testatrix's relatives. The

record further indicates that the decedent's property consisted mainly of some $13,500 of real estate subject to a $2,000 mortgage.

The subscribing witness, Mrs. Minor, testified in substance that she resided in the home of Mrs. Chappel; that on June 26, 1943, she, Cordelia Jones, and Mrs. Chappell were in the dining room conversing, and Mrs. Chappell went into the bedroom and returned with a paper, and asked them if they would witness her will. Mrs. Chappell then signed the paper in their presence, and, immediately thereafter, Mrs. Minor and Cordelia Jones both signed their names and addresses as witnesses to the will. Mrs. Minor further stated, and it is admitted by all parties to this cause, that Mrs. Chappell was of sound mind and memory on June 26, 1943.

The other subscribing witness, Cordelia Jones, who is the testatrix's niece, and who is therefore among the heirs-at-law contesting the probate of the will, admitted that her signature appears on the will, but denied that she signed it as a witness. She explained that on some undetermined occasion she signed her name on a blank piece of paper in connection with placing a horse racing bet, and claims, moreover, that on June 26, 1943, she was in her own home in Batavia where she was preparing a birthday party for her mother whose birthday is on June 28 but was being celebrated on June 26.

With reference thereto, the contestants offered, and the circuit court rejected, the testimony of a Mrs. Nellie Spaulding, and that of two other contestants, Mary and William Corbin, who would have allegedly corroborated Cordelia Jones' statements about the party. The court also rejected contestants' Exhibit 1, purporting to be a typewritten and unsigned will of Grace Chappell, and allegedly witnessed by two of her nieces, and designed to show how the testatrix conducted her affairs.

On the basis of the. testimony of. Mrs. Minor, and the implications from the appearance of the will, *i.e.*, that it could not have been a blank piece of paper when Cordelia Jones signed it since her signature is written above and through the written line, and is spaced in proportion to all the preceding lines, the circuit court adjudged that the weight of the evidence warranted admitting the will to probate.

The contestants, heirs-at-law of the testatrix, maintain that the circuit court erred in admitting the will to probate, inasmuch as it was attested by only one witness, and therefore did not comply with the statute. They urge, furthermore, that even if the evidence indicates that there was a sufficient compliance with the statutes, the case should be reversed and remanded on the ground that the court erred in rejecting the testimony and the exhibit offered on their behalf.

With reference to the rejected testimony allegedly corroborating the statements of Cordelia Jones, concerning the party in Batavia on June 26, 1943, it is our considered opinion that the ruling of the circuit court was not in error.

In *Bley v. Luebeck*, 377 Ill. 50, the Supreme Court presented a judicious analysis of the statutory history of sec. 71 of the Probate Act pertaining to the nature and scope of the evidence admissible in a proceeding to admit a will to probate. (Ch. 3, par. 223, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 110.320].) The court stated that the law is definitely settled that on an appeal to the circuit court from an order of the probate court either allowing or denying probate of a will, the proponent may support the will by any evidence competent to establish a will in chancery, but the contestants are limited to the subscribing witnesses as to evidence of the execution of the will and the testamentary capacity, except where there is fraud, forgery, compulsion, or other improper conduct at the time of the execution of the will.

Obviously, no part of the rejected testimony herein came within the exceptions. This interpretation of the statute is consistent with its avowed purpose, which is to expedite proceedings for the probate of wills so that estates can be promptly cared for. It in no way prejudices the rights of persons seeking to contest the will by appropriate proceedings in the circuit court after it has been admitted to probate.

The court will next consider whether, on the basis of the evidence contained in the record, there was a sufficient compliance with the formalities required for the execution of wills. It is a fundamental canon of construction of wills that every presumption will be indulged in in favor of the execution and attestation of a will. (*Martin v. Martin,* 334 Ill. 115, 124.)

In the case at bar, the will offered for probate is in the handwriting of the testatrix and signed by her, and no attempt is being made to force a spurious will upon her. (*Mead v. Presbyterian Church,* 229 Ill. 526.) It appears further that the subscribing witness, Mrs. Minor, testified that Grace Chappell requested her and Cordelia Jones to witness her will; that the deceased signed the will in their presence; and that immediately thereafter they signed it in the presence of the testatrix and of each other. There is no question as to the genuineness of any of the signatures, for even the witness, Cordelia Jones, admits that her signature appears on the will. She denies, however, attesting to the execution of the will and explains the appearance of her signature thereon by recalling that she once signed a blank paper before Grace Chappell in connection with a horse racing bet, and claims further that on the date of the will she was in another city.

It is settled law that execution of an instrument may be sufficiently proved where one witness testifies positively to the requisites of execution, and the other witness does not recollect or denies compliance with the statutory requirements. (68 C. J.,

1022; *Mead v. Presbyterian Church, supra; In re Will of Porter,* 309 Ill. 220.) Under those circumstances it is the province of the circuit court to weigh the evidence and the circumstances surrounding the execution of the will. (*In re Will of Porter, supra,* p. 224.) In so doing, it is generally held that where an attesting witness impeaches or denies the execution of the will or any fact essential to establish its validity, such testimony is entitled to little credence, and should be viewed with suspicion and caution. (*Jenkins v. White,* 298 Ill. 502, 79 A. L. R. 397; 68 C. J. 1020.)

In *Mead v. Presbyterian Church, supra,* where the will was in the handwriting of the testator, and contained no attestation clause, as in the instant case, and the witnesses did not remember signing the will or complying with the statutory requirements, the court upheld the validity of the will and quoted with approval from *Abbott v. Abbott,* 41 Mich. 540, 542, where it was stated: ''But we know of no rule of law which makes the probate of a will depend upon the recollection and even the veracity of a subscribing witness. The law for wise and obvious reasons requires such instruments to be executed and attested with such precautions as will usually guard against fraud, but if the forgetfulness or falsehood of a subscribing witness can invalidate a will, it would be easy in many cases to use such artifices or corruption as would render the best will nugatory. Their evidence is not conclusive either way, nor does the law presume that they are either more or less truthful than others.'' This declaration of law is particularly applicable to the instant case where the subscribing witness, Cordelia Jones, is a niece of the testatrix, and would inherit a substantial sum as one of the heirs-at-law, if the will were denied probate, but would take nothing by the express terms of the will if it were admitted to probate.

While the circuit court herein did not state in specific terms that this witness was testifying falsely,

it did point out that the appearance of the will was inconsistent with her testimony. We concur with the circuit court's findings to the effect that the will could not have been a blank piece of paper when Cordelia Jones signed it, for her signature is inscribed above and through a written line apparently designating the place for a signature, and the line must have been there when her name was written. Moreover, the will could not have been inscribed in longhand by the testatrix after Cordelia Jones signed her name since her admittedly genuine signature was spaced in proportion to the preceding lines of writing and to the signature of the other witness, as well as to the line below, apparently provided for another signature. It would have been practically impossible to create this natural appearance in an instrument prepared in longhand if the will had been written after the witness Cordelia Jones signed her name.

From our analysis of the foregoing facts and circumstances it appears that the weight of the evidence clearly supports the decision of the circuit court admitting the will to probate.

*Judgment affirmed.*