351 Mich. 335 (1958)
88 N.W.2d 252
In re DETTLING ESTATE.
SMITH
v.
DETTLING.
Docket No. 63, Calendar No. 47,544.
Supreme Court of Michigan.
Decided March 5, 1958.
Francis J. McDonald and Edmund J. Stafford, for plaintiff.
Marlin J.W. Campbell, for proponent defendant.
This will contest features a subscribing witness as contestant. The other subscribing witness is the contestant's husband. Concededly the 3 essential signatures  of the decedent and subscribers  are genuine. From this the professional reader will surmise at once what we are asked to decide.
Decedent Minnie D. Dettling and contestant Elsie Smith were sisters. With their respective husbands the 2 sisters lived in an "income bungalow" owned by the decedent, the Smiths occupying the lower flat and the Dettlings living in the upper. According *337 to contestant and her husband their signatures were affixed to the instrument in question when they were in the lower flat and the decedent was in the upper. Each testified to being unaware that the instrument was of testamentary nature and to having affixed his attesting signature on request of the decedent's husband, William F. Dettling.
The instrument is now proffered for probate by Eva Dettling, second wife and widow of William F. Dettling. William's first wife, decedent Minnie D. Dettling, departed life December 30, 1948. William married proponent Eva Dettling in 1950. He died in 1954. With his effects was found the mentioned instrument. It is in proper form (a printed legal blank entitled "will" was utilized) and names the decedent's then husband, the said William F. Dettling, as sole beneficiary. Below the decedent's signature, and on the second page of the form, the following complete attestation clause appears:
"On this 26th day of May A.D. 1947 Minnie D. Dettling of Detroit in the County of Wayne and State of Michigan signed the foregoing instrument in our presence, and declared it to be her Last Will and Testament, and as witnesses thereof we do now, at her request in her presence, and in the presence of each other, hereto subscribe our names.
/s/ CLARE W. SMITH, residing at 14807 Rossini Dr. /s/ ELSIE SMITH, residing at 14807 Rossini Dr."
On strength of testimony given by contestant and her husband (outlined above) the probate court disallowed the instrument. The probate order is indorsed "Denied for lack of proper execution." On appeal and trial of the contest to court and jury, a general verdict was returned by which the instrument was upheld as the decedent's last will and testament. The jury simultaneously returned an affirmative answer to the following special question, which question was submitted by contestant:
*338 "Do you find that the proponents and appellants have met the burden of proof required of them to establish that the proposed will in question was subscribed by the subscribing witnesses in the presence of the testatrix?"
Contestant duly moved for judgment notwithstanding the general and special verdicts. The trial judge granted the motion, summarizing his reasons as follows:
"Aside from the legal question presented, it is apparent from the record that the subscribing witness, Elsie Smith, had a definite interest in the outcome of the case, and she likewise received a substantial part of the deceased's estate prior to her death. She stands to gain by testifying in the manner which would defeat the probate of the will. Likewise, her demeanor on the witness stand was one that did not impress the court as to her truthfulness; but, nevertheless, this matter was one presented to the jury and was for their consideration.
"The court cannot escape the fact that the proponent has the burden of proof, and that the only witnesses who testified as to the manner in which the instrument was executed were the 2 subscribing witnesses. Their testimony conclusively established that the instrument was not executed in accordance with the requirements of the statute. There being no other proof, the verdict of the jury must be set aside and judgment entered for contestants."
Proponent appeals. The sole question for review is whether there is evidence in the record justifying the jury's finding that the propounded instrument was executed and attested according to statutory requirements.[*]
BLACK, J. (after stating the facts).
We cannot agree that the testimony of contestant and her husband *339 conclusively established that the instrument was not executed and attested properly. Their sworn testimony is opposed by a presumption courts must uphold for jury consideration in cases like this and it is opposed by that which the jury had a right to find was attested on the occasion in question.
Fairness to the trial judge requires note that he was called upon to decide this motion for judgment notwithstanding verdict prior to handing down of our decision in In re Dalton Estate, 346 Mich 613. Dalton, unaided as here by a formal attestation clause, premonished generally what is to follow in this opinion, that is to say, the probate of a will cannot be made to depend on the recollection or the veracity of a subscribing witness or witnesses (Abbott v. Abbott, 41 Mich 540, 542).
Here the jury had a right to find that contestant and her husband duly certified, on the occasion of signature, that the instrument in contest was attested and executed by each in the decedent's presence and in the presence of each other. It had a right to find the contrary from the testimony each gave later, if its members believed such testimony. Which version, one being consistent with testacy and the other not, was the trial judge obligated to accept when he was moved for summary jury instruction? The answer is that he was required to make no choice and that the signed attestation clause arrayed against the opposing testimony of these interested witnesses combined in presenting a question for jury determination.
Our conclusion, so announced, is in accord with the clear weight of intelligently reasoned authority. Any other rule would, as observed in Abbott, open the best of wills to defeat by fraud. Page (2 Page On Wills [Lifetime ed], § 758, pp 471-473) puts it this way:
*340 "Even where a subscribing witness denies the existence of certain facts necessary for the legal execution of the will, the presumption of regularity may prevail over such direct evidence. The subscribing witness, by acting as such, in effect formally declares that all the facts necessary to the legal execution of the will exist, and in advance, by acting as a subscribing witness, he has seriously discredited his subsequent denial of these facts under oath. It is, therefore, quite possible that the presumption that the necessary acts have been performed is not overcome by the adverse testimony of one or more of the subscribing witnesses, and a will may be admitted to probate although one or more of the subscribing witnesses testify adversely thereto. The testimony of the subscribing witnesses which denies the performance of one or more of the facts which are necessary to the validity of the will is, at best, to be received with caution, and to be viewed with suspicion."
To same effect see 57 Am Jur, Wills, § 909, p 599, and the annotator's summary on page 1233 of annotation headed "Weight and effect of presumption or inference of due execution of will," 40 ALR2d 1223. The summary reads:
"§ 9.  Where attesting witnesses deny due execution.
"Where the view is taken that the presumption of due execution of a will to which proof of attestation gives rise is a presumption `of fact' (and, also, in at least some instances, in cases in which the presumption `of law' approach is espoused) the courts have generally recognized that the presumption is of sufficient weight that testimony of the attesting witnesses to the will to the effect that it was not duly executed is not enough, ipso facto, to overcome the presumption."
*341 We especially commend the Missouri supreme court's declaration of this rule as shown in the annotated case (Burkland v. Starry, 361 Mo 348, 355 [234 SW2d 608, 611, 40 ALR2d 1217, 1221]), viz.,
"We think that the `presumption' of due execution arising from an attesting clause or subscription is, at least, a permissible inference of fact  a reasonable and logical inference which may or may not be drawn (or a fact which may or may not be found) by the triers of fact (the jury) from the established facts of the witnesses' signatures subscribed to the testamentary document, below the signature of the testator. And, as we said in German Evangelical Bethel Church of Concordia v. Reith, 327 Mo 1098 (39 SW2d 1057, 76 ALR 604), this inference or `presumption' remains in the case not only because proponents are not bound by the adverse testimony of witnesses they are required to call, but because this inference or `presumption' is `presumptive evidence' of the fact of due execution." (All italics by Missouri supreme court.)
But it is said that the presumption of due execution and attestation in this case is met by positive evidence to the contrary and, according to Michigan's general rule, that the presumption "cannot be weighed against the evidence." The answer (for the present case) is that this is another presumption which survives to fail or prevail, in the jury room, against that which has been sworn in opposition thereto by interested witnesses (see discussion of variant effect of presumptions in Cebulak v. Lewis, 320 Mich 710, 723, 724 (5 ALR2d 186), and that part of the annotator's brief headed "View that presumption is one `of fact,'" 40 ALR2d 1223, at page 1226).
*342 Reversed and remanded for entry of judgment on the general and special verdicts. Costs to proponent.
KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.
DETHMERS, C.J., and CARR, J., concurred in the result.
NOTES
[*] See CL 1948, § 702.5 (Stat Ann 1943 Rev § 27.3178 [75]).  REPORTER.