*In re* DODSON ESTATE

Docket No. 58676. Submitted June 3, 1982, at Detroit.—Decided September 9, 1982.

William Dodson died. Geraldine McClendon filed a petition in the Wayne Probate Court to have an alleged will of Mr. Dodson admitted to probate. The court, Willis F. Ward, J., denied admission, holding as a matter of law that the purported will did not meet minimum statutory requirements. The document was a two-page preprinted will form. It is not clear whether the pages had ever been joined. The first page contained printing clearly indicating that it was to be used as a will form. Typed in the appropriate places were William Dodson's name and address, and the provisions disposing of his property. His purported signature appeared directly above the place where his name was typed. The second page contained blanks for appointment of an executor, signature, date, and attestation by witnesses. Calvin C. Stevenson was appointed as executor. Stevenson's signature also appears where the testator's should be. Stevenson's stamp as a notary public appeared superimposed over his signature. The page was dated. In the attestation clause, Stevenson was said to have requested the signatures of two witnesses , which appeared at the bottom of the page. McClendon appealed. *Held:*

The trial court erred in holding as a matter of law that the document did not meet the statutory requirements.

Reversed and remanded.

1. WILLS — WRITTEN WILLS.

A will need not be handwritten to satisfy the statutory requisite

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Wills §§ 187, 707.

Requirement that holographic will be entirely in handwriting of testator as affected by appearance of printed matter on handwriting of another. 89 ALR2d 1198.

[2] 79 Am Jur 2d, Wills § 236.

When is will signed at "end" of "foot" as required by statute. 44 ALR3d 701.

that a will be "in writing"; a preprinted will form suffices if the other statutory requirements are met (MCL 700.122; MSA 27.5122).

2. Wills — Signature of Testator.

 A will need not be signed at the bottom or in the space provided in a form in order to meet the statutory requirement that it be "signed by the testator" (MCL 700.122; MSA 27.5122).

*D'Avanzo, Danko & Aycock,* for proponent-appellant.

*Charles E. Fonville,* for heirs-appellees.

*Robert W. Plumpe,* for contestant/heir-appellee.

Before: Bronson, P.J., and R. M. Maher and M. Warshawsky,* JJ.

Per Curiam. William Dodson died on August 16, 1980. On November 14, 1980, appellant, Geraldine McClendon, filed a petition to have an alleged will of Mr. Dodson admitted to probate. The probate court denied admission, holding as a matter of law that the purported will did not meet minimum statutory requirements.

The document submitted was a two-page preprinted will form. It is not clear whether the pages had ever been joined. The first page contains printing clearly indicating that it is to be used as a will form. Typed in the appropriate places are William Dodson's name and address, and the provisions disposing of his property. His purported signature appears directly above the place where his name is typed. The second page contains blanks for appointment of an executor, signature, date, and attestation by witnesses. Calvin C. Stevenson is appointed as executor. Stevenson's signature also

---

 * Circuit judge, sitting on the Court of Appeals by assignment.

appears where the testator's should be. Stevenson's stamp as a notary public appears superimposed over his signature. The page is dated. In the attestation clause, Stevenson is said to have requested the signatures of two witnesses, which appear at the bottom of the page.

MCL 700.122; MSA 27.5122 states in part:

"Sec. 122. (1) A will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction and shall be signed by at least 2 persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

The purported will was "in writing". We reject as foolish appellees' claim that only handwriting suffices. Such an interpretation is inconsistent with the inclusion of explicit requirements for holographic wills in the same code. MCL 700.123; MSA 27.5123. We think it clear that the requirement that a will be in writing was intended by the Legislature to preclude oral wills from probate. See Atkinson, Wills (2d ed), § 63, pp 294-295.

The will was also "signed by the testator". Although the paper was signed neither at the bottom nor in the space provided on the will form, it was signed in a manner which indicates testamentary intent. Even when Michigan's statutes required that a will be "subscribed" by the testator, a will signed at the top was held valid in *Stone v Holden,* 221 Mich 430; 191 NW 238 (1922).

Finally, the statute requires that the will be signed by two persons, each of whom witnessed the testator sign the will, acknowledge his signature, or acknowledge the will. No formal attestation is required. In this case, the witnesses' signatures appear only on the second page of the purported

will. The testator's signature appears only on the first page. We do not have the document itself nor any factual record concerning the connection between the two pages. We think it error, however, to conclude as a matter of law that the two pages are unconnected. Appellant is entitled to show, by extrinsic evidence, that the two pages were presented to the attesting witnesses in a manner to indicate that they constituted a single document.

Reversed and remanded. No costs.