# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN R. FRITZ,

      Plaintiff-Appellant,

v

SANDY PINES WILDERNESS TRAILS and
MAX GIBBS,

      Defendants-Appellants.

UNPUBLISHED
November 20, 2014

Nos. 317144; 317336
Allegan Circuit Court
LC No. 10-046887-CZ

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

      Plaintiff Susan R. Fritz filed a complaint against defendants, Sandy Pines Wilderness Trails (Sandy Pines) and Max Gibbs,[1] asserting claims of breach of contract, breach of quiet enjoyment, defamation, and invasion of privacy for events that occurred while she was a member of Sandy Pines. Before trial, a case evaluation panel returned a unanimous award of $21,500 in plaintiff's favor; she rejected the award, while defendants accepted. A bench trial ensued, after which the trial court entered a verdict of no cause of action and dismissed plaintiff's complaint. In accordance with MCR 2.403(O), the trial court thereafter granted defendants' motion for case evaluation sanctions, i.e., the attorney fees and costs arising from plaintiff's rejection of the case evaluation. In these consolidated appeals, plaintiff challenges (1) the trial court's verdict of no cause of action with respect to her breach of contract claims[2] and (2) the trial court's award of defendants' attorney fees and costs. We affirm.

      In 2002, plaintiff entered into a membership agreement to rent a campground site at Sandy Pines. At the time she signed the membership agreement, plaintiff received the Sandy Pines handbook, which contained the campground's rules and regulations, the Sandy Pines articles of incorporation, and its bylaws. In June 2010, plaintiff received three separate notices of rule violations ("tickets") from Sandy Pines. On June 1, she was issued a "10-point"/$100 ticket for failing to remove an old shed on her lot after building a new shed. On June 4, she was

---

[1] Gibbs is the park director of Sandy Pines.

[2] Plaintiff does not challenge the trial court's verdicts with respect to her other claims.

-1-

issued another "10-point"/$100 ticket for failing to obtain an electrical permit for the new shed. On June 17, plaintiff's membership was temporarily suspended for "repeated violations of the rules and regulations of Sandy Pines."[3]  Soon after her suspension, plaintiff entered Sandy Pines without first arranging a time with Gibbs and was issued a ticket for illegal entry.  Plaintiff requested arbitration of each June 2010 ticket.  However, before any hearings were held, plaintiff voluntarily transferred her membership to her daughter and son-in-law on June 30, 2010.

## I.  BREACH OF CONTRACT

Plaintiff's breach of contract claim arises out of the manner in which Sandy Pines issued the shed, electrical permit, and illegal entry tickets, as well as the manner in which Sandy Pines resolved her appeal of those tickets.  Plaintiff argues that the trial court clearly erred by finding that, even if Sandy Pines breached the membership contract by not allowing plaintiff to arbitrate her ticket disputes, she failed to establish damages.[4]

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014).  "Damages are an element of a breach of contract action." *New Freedom Mtg Corp v Globe Mtg Corp*, 281 Mich App 63, 69; 761 NW2d 832 (2008).  "The proper measure of damages for a breach of contract is the pecuniary value of the benefits the aggrieved party would have received if the contract had not been breached." *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 54; 731 NW2d 94 (2006) (quotation marks and citation omitted).  Thus, "[t]he party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes*, 256 Mich App at 512.  While the amount of damages need not be determined with mathematical precision, *Severn v Sperry Corp*, 212 Mich App 406, 415;

---

[3] Plaintiff received a "3-point"/$30 ticket in August 2009 for parking her golf cart in a "green area."  Plaintiff maintains that she did not see the ticket until the seven-day appeal period had passed and that she subsequently paid that ticket "in the spirit of cooperation."  Thus, after the second June 2010 ticket was issued, plaintiff had amassed 23 "violation points" within a 12-month period, which allowed Sandy Pines to temporarily suspend her membership.

[4] Following a bench trial, we review for clear error a trial court's factual findings and review de novo its conclusions of law.  *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007).  A factual finding is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made.  *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 222; 707 NW2d 353 (2005).  This Court gives regard to the trial court's special opportunity to judge the credibility of the witnesses who appeared before it.  MCR 2.613(C); *In re Clark Estate*, 237 Mich App 387, 396; 603 NW2d 290 (1999).  Finally, we review for clear error a trial court's determination of damages after a bench trial.  *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 513; 667 NW2d 379 (2003).

538 NW2d 50 (1995), those based on speculation or conjecture are not recoverable, *Berrios v Miles, Inc*, 226 Mich App 470, 478; 574 NW2d 677 (1997).

Plaintiff asserts that she suffered the following damages: (1) damage to her boat and golf cart because she was unable to maintain them during her suspension, (2) payment of at least $1,035 in annual membership fees for the campground site she cannot use, (3) $475 per year in insurance for property she cannot access, (4) damages from inability to access and maintain the deck, patio, and garage that she built on the site, (5) $300 in disputed ticket fines, and (6) daily rental value for a similar park site of at least $85 a day for four years.

We conclude that the trial court did not clearly err by finding that plaintiff failed to establish damages.

As a preliminary matter, plaintiff's membership was temporarily suspended on June 17, 2010 and she voluntarily transferred her membership to her daughter and son-in-law on June 30, 2010, rather than waiting for Sandy Pines to conduct a hearing to review her suspension. Because plaintiff transferred her membership, any damages are limited to those incurred before the membership contract between plaintiff and Sandy Pines was terminated by the transfer. See *Miller-Davis Co*, 495 Mich at 178 (recognizing that there must be a contract for there to be a breach of contract claim).

With respect to plaintiff's claim of damages for the disputed ticket fines, the trial court did not clearly err by finding that plaintiff failed to establish damages, *Ligon*, 276 Mich App at 124, because there is no evidence that she was entitled to a refund of the fines, *Ferguson*, 272 Mich App at 54, rendering those asserted damages merely speculative, *Berrios*, 226 Mich App at 478. Plaintiff also did not present any evidence quantifying her asserted damages resulting from a lack of access to her boat and golf cart for the limited period of time before she transferred her membership and there is no evidence that she was prevented from removing these items from the park. *Alan Custom Homes*, 256 Mich App at 512. Consequently, the trial court did not clearly err by finding that plaintiff failed to establish damages on this basis. Damages related to plaintiff's continued membership and insurance fees are also not recoverable. Plaintiff transferred her membership and there is no evidence that she was thereafter responsible for any membership payments. Moreover, these claimed damages are speculative because plaintiff voluntarily decided to abandon her appeal of the temporary suspension; the Sandy Pines board of directors might have decided to not take action against her, reversed the temporary suspension, and/or credited any fees. *Berrios*, 226 Mich App at 478. There is also no evidence on the record to quantify how plaintiff suffered damage related to her lack of access and ability to maintain her deck, patio, and garage for the 13-day period between the time she was temporarily suspended and she transferred her membership. *Alan Custom Homes*, 256 Mich App at 512.

Finally, we find no merit in plaintiff's claim that she is entitled to damages to compensate her for the amount of money she would have had to spend to stay at a similar park site since the time she was suspended from Sandy Pines. As noted, plaintiff made the voluntary decision to transfer her membership on June 30, 2010 before a hearing on the temporary suspension was held. We recognize that the bylaws and handbook do not specify a time requirement for how quickly a temporary suspension hearing must be held, but note that it is impossible to know the results of a hearing never held—for example, plaintiff's suspension could have been reversed

and she could have been compensated for her membership dues paid during the period of temporary suspension. As a result, the trial court did not clearly err by finding that plaintiff failed to establish these asserted damages because they are speculative at best and, therefore, not recoverable. *Id.*

Because plaintiff failed to establish damages, which are a required element in a breach-of-contract action, *New Freedom Mtg Corp*, 281 Mich App at 69, the trial court did not err by entering a judgment of no cause of action.[5]

## II. CASE EVALUATION SANCTIONS

Plaintiff challenges the trial court's award of defendants' attorney fees and costs. Plaintiff concedes that defendants are entitled to case-evaluation sanctions under MCR 2.403(O).[6] Plaintiff claims that the trial court abused its discretion by awarding $75,390 in attorney fees because the number of hours allowed and the hourly rate utilized in calculating the award were not reasonable and that the trial court did not discuss all the relevant factors set forth in *Smith v Khouri*, 481 Mich 519, 529-531; 751 NW2d 472 (2008), when calculating the award.[7]

The burden of establishing the reasonableness of attorney fees is on the party requesting them. *Smith*, 481 Mich at 528-529. In *Wood*, 413 Mich at 587-588, the Supreme Court held that the following six factors should be considered when determining a reasonable fee: (1) the attorney's experience and professional standing; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the case's difficulty; (5) the expenses incurred; and (6) the length and nature of the professional relationship with the client. In *Smith*, 481 Mich at 528-533, the Court concluded that trial courts should consider both the *Wood* factors and the reasonable attorney fee factors listed in MRPC 1.5(a).

---

[5] Because we affirm the trial court's conclusion that plaintiff failed to the establish damages necessary to prevail on her breach of contract claim, we need not address whether plaintiff established the other necessary elements of that claim. See *Miller-Davis Co*, 495 Mich at 178.

[6] The case evaluation panel returned a unanimous award of $21,500 in favor of plaintiff. Defendants accepted the award and plaintiff rejected. Because plaintiff, as the rejecting party, was awarded no damages after trial, i.e., she failed to improve her litigation position by at least 10 percent, defendants are entitled to case evaluation sanctions. MCR 2.403(O).

[7] A trial court's award of attorney fees and costs is reviewed for an abuse of discretion. *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *Maldondo v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The findings of fact underlying an award of attorney fees are reviewed for clear error. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009).

We conclude that the trial court did not abuse its discretion in awarding defendants $75,390 in attorney fees. Defendants requested $102,727.84 in attorney fees; plaintiff countered that a maximum of $25,000 was appropriate. After taking the attorney fee question under advisement, the trial court issued a lengthy written opinion wherein it properly analyzed the relevant factors in calculating defendants' award.

The trial court reduced defendants' requested hourly rate from $300 to $250. In so doing, it first reviewed the State Bar of Michigan's 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report provided by plaintiff to conclude that a mean rate of $231 per hour was a "reasonable starting point" as the fee customarily charged in the locality and then increased that rate to $250 per hour on the basis of the experience, reputation, and ability of the attorney performing the services. The base rate and increase were supported by the evidence, including affidavits of area attorneys and, accordingly, the trial court did not abuse its discretion in calculating the awarded $250 per hour rate.

The court then concluded that the reasonable number of hours expended by defendants' attorneys was 301.56. It reviewed defendants' detailed billing records, affidavits from the attorneys who worked on the case, and copies of the monthly invoices from November 1, 2011 through trial. The trial court completely rejected defendants' request for paralegal fees and deducted the requested 7.4 attorney hours that were associated with motions filed by defendants at the last minute before trial. While plaintiff argued that a maximum of $25,000 in attorney fees for 125 hours of work was reasonable, she did not request an evidentiary hearing to challenge defendants' evidence and to present countervailing evidence, and, on the record, we conclude that the trial court did not abuse its discretion in determining the reasonable amount of hours expended on this case. *Wood*, 413 Mich at 588. With respect to the other factors, the trial court acknowledged that it considered each factor and, after reviewing the record, we are satisfied that the trial court appropriately considered and commented on the relevant factors sufficient to "aid appellate review." *Smith*, 481 Mich at 531. Accordingly, we conclude that, after "consider[ing] the totality of the special circumstances applicable to the case at hand[,]" *id*. at 529, the trial court did not abuse its discretion in calculating and awarding defendants' reasonable attorney fees.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-5-