*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AH, by Next Friend RC,

        Petitioner-Appellee,

v

AK,

        Respondent-Appellant.

UNPUBLISHED
June 16, 2022

No. 358056
Otsego Circuit Court
Family Division
LC No. 21-018566-PH

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order denying his motion to terminate a personal protection order (PPO). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Respondent and petitioner are neighbors in a rural subdivision located in northern Michigan. Respondent is a 72-year old man who—because of ongoing issues with individuals driving too fast on the dirt road near his home—has submitted complaints with the board of his homeowner's association regarding issues with posted speed limit signs and deed restrictions. Petitioner is a 16-year old boy who has driven his four-wheeler on the dirt road near respondent's home. On June 14, 2021, petitioner filed a petition for a nondomestic ex parte PPO under MCL 600.2950a(1) based on three incidents that occurred with respondent in 2020 and 2021. The court granted the PPO. Subsequently, respondent moved to terminate it.

The court held a hearing on respondent's motion. Petitioner testified that the first incident between him and respondent occurred in September 2020. He recounted that he was riding his four-wheeler to a nearby trail when respondent drove past him. He testified that respondent slammed the brakes of his car, rolled down his window, and started "cussing out" petitioner and his friend. The second incident occurred in October 2020. Petitioner testified that respondent threatened to slash his tires and "continued to curse [him] out" because he was going too fast and creating dust on the road. Respondent also threatened to "bash [petitioner's] face in" if he did not slow down. The third and final incident occurred on June 10, 2021. Petitioner stated that while he was driving his four-wheeler, respondent threw a rock and hit his left cheek. Petitioner

-1-

explained that he saw respondent standing near a gate by Watrous Way and that, although he did not see respondent actually throw the rock, he saw respondent's arm make an upward motion like he was throwing a baseball.[1]

In contrast, respondent testified that the September 2020 incident did not happen. With regard to the October 2020 incident, he testified that it did not happen "the way it was stated." Instead, he recalled that he and his wife were driving when they came "upon a bunch of people on four-wheelers." They stopped and asked them "to please slow down" before they continued on their way. Finally, he testified that he did not throw a rock at petitioner in June 2021. He explained that he had health issues that affected his mobility, including the mobility of his right shoulder, which he would need to use if he were to throw a baseball. He added that if he had been standing where petitioner had claimed he was standing he would have had to throw a rock approximately 186 yards in order to hit petitioner. He testified that, in any event, he was never at the location specified by petitioner on June 10, 2021.

Following the hearing, the trial court found petitioner to be more credible than respondent. Thereafter, the court denied respondent's motion to terminate the PPO.

## II. PPO

### A. STANDARD OF REVIEW

Respondent contends that there was insufficient evidence for the trial court to issue a PPO under MCL 600.2950a. This Court reviews for an abuse of discretion a trial court's decision to deny a respondent's motion to terminate a PPO. *Pickering v Pickering*, 253 Mich App 694, 700; 659 NW2d 649 (2002). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Id.* Further, this Court reviews a trial court's factual findings for clear error. *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "Clear error exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014). Petitioner bears the burden of "establishing a justification for the continuance of a PPO at a hearing on the respondent's motion to terminate the PPO." *Hayford*, 279 Mich App at 326.

### B. ANALYSIS

To obtain a PPO under MCL 600.2950a, the petitioner must allege "facts that constitute stalking as defined" by MCL 750.411h or MCL 750.411i. MCL 600.2950a(1). MCL 750.411h (1)(d) defines "stalking" as

> a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened,

---

[1] Petitioner further testified that the police report created in response to the June 2021 incident incorrectly stated that he had been driving in front of respondent's house and that the rock hit his right cheek, not his left cheek.

intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

" 'Course of conduct' means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose." MCL 750.411h(1)(a). "Harassment" is defined in part as "conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress." MCL 750.411h(1)(c). Further, "unconsented conduct" is defined as "any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued." MCL 750.411h(1)(e).

We conclude that the trial court did not err when it found that petitioner presented sufficient evidence that respondent engaged in a course of conduct that constituted stalking behavior. The outcome of the motion required the court to evaluate the credibility of the witnesses. This Court gives great deference to trial courts' credibility assessments. *In re Clark Estate*, 237 Mich App 387, 395-396; 603 NW2d 290 (1999). Here, in assessing the testimony, the trial court concluded that respondent was less credible than petitioner. The court found that respondent's blatant denials did not sufficiently rebut petitioner's testimony. The court also found that it was more likely than not that the events occurred in the manner described by petitioner given that respondent was already upset with the association board because of the four-wheelers traveling past his house every day. The court considered respondent's testimony that his medical condition prevented his mobility; however, the court concluded that "notwithstanding those medical conditions, I find credibility in [petitioner's] assertion that he's in need of protection." We will not disturb the trial court's finding that respondent engaged in a course of stalking behavior by threatening to slash petitioner's tires and "bash in" his face and by causing petitioner to believe that he was hit in the face with a rock.[2]

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[2] We note that the rock-throwing incident, as described by petitioner, appears to be objectively impossible. However, the court found that respondent was present during the incident and that the encounter was further proof that petitioner needed protection.